LAW OFFICE OF CURTIS ALLEN
Curtis E. Allen, Esq., SBN 187748
George S. Khoury, Esq. SBN 269738 (Of Counsel)
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Ph 650 868 6620; Fax 650 362 1864
curtisallenlaw@gmail.com
www.curtisallenlaw.com

Attorney for Plaintiff Anthony Cordero

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Anthony Cordero,** | CASE NO. |
| Plaintiff, | **ANTHONY CORDERO'S COMPLAINT** |
| v. | **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT** |
| **Cheng Chow & Chu, Incorporated; Dunbar Armored, Inc.; Brink's Incorporated; Pet Food Express, Ltd.; and Does One through Ten, inclusive,** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

PLAINTIFF'S COMPLAINT

**PARTIES**

1.  Plaintiff Anthony Cordero ("Mr. Cordero") is a California resident with physical disabilities. He is substantially limited in his ability to walk, and has a valid disability license plate allowing him to park in designated disability parking stalls.

2.  Defendant Cheng Chow & Chu, Incorporated aka/dba Cheng Chow & Chu, Inc at all times relevant herein was and is a corporation doing business in San Mateo County, California, and which owned the real property located at or about 6915 - 6925 Mission Street, Daly City, CA 94014, APN: 003-480-060, Census Tract: 060816006.001007, Abbreviated Description: SUBD:PARCEL MAP MISSION PLAZA 1.00 AC MOL BEING NLY PTN OF PARCEL 5 PARCEL MAP VOL 70/22-23 [hereinafter "6925 Mission Street property"] inclusive of February 2019.

3.  Defendant Dunbar Armored, Inc. aka Dunbar Armored at all times relevant herein is and was a corporation doing business in San Mateo County and owned and operated the Armored Car License No. 06853D2, car number 16779 in February 2019.

4.  Defendant Brink's Incorporated at all times relevant herein is and was a corporation doing business in San Mateo County, and owned and operated Dunbar Armored, Inc. by way of a recent merger or purchase circa 2018, and owned and operated as well as the Armored Car License No. 06853D2, car number 16779 in February 2019.

5.  Defendant Pet Food Express, Ltd. aka/dba Pet Food Express at all times relevant herein is and was a business entity doing business in San Mateo County, California, and at all relevant times operated a store located at the 6925 Mission Street property referenced above in February 2019.

6.  Mr. Cordero does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Mr. Cordero is informed and believes that each of the Defendants herein, including Does One through Ten, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.  However, Mr. Cordero is informed and believes that Doe One and Doe Two were individuals employed

by Defendant Dunbar Armored Inc. and Brink's Incorporated and drove the Armored vehicle that was blocking the disabled parking space referenced in this lawsuit.  Mr. Cordero will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION &VENUE

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and§ 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Mr. Cordero's cause of action arose in this district.

## FACTUAL ALLEGATIONS

10.  Mr. Cordero went to Pet Food Express, located at 6925 Mission Street, Daly City, 94014, in February 2019 (on or about February 4, 2019) with the intention to avail himself of its goods and services.

11.  Pet Food Express is a facility open to the public, a place of public accommodation, and a business establishment.

12.  Defendant Cheng Chow & Chu Inc owns and operates the property where the Pet Food Express is located, and based upon information and belief, controls the parking facilities.

13.  Parking spaces are one of the facilities, privileges, and advantages offered by Defendants Cheng Chow & Chu Inc and Pet Food Express to the patrons of Pet Food Express.

14.  Unfortunately, on the date of Mr. Cordero's visit to Pet Food Express, the defendants did not provide accessible parking in conformance with the ADA Standards.

15.   There is a sign in front of two parking spaces near Pet Food Express suggesting that an accessible space should be available.

16.     However, as Mr. Cordero approached the spaces in his automobile on February 4, 2019, and was preparing to park in one of the two parking spaces designated as spaces for individuals with disabled licensed placards to park, he noticed that a Brink's Incorporated / Dunbar Armored, Inc. vehicle ("Armored vehicle"), License No. 06853D2, car number 16779 was parked in front of the two handicap spaces at Pet Food Express, blocking access to those spaces.

17.     On information and belief, there are other issues with the parking and facilities that render it non-compliant. Those issues will be fleshed out in discovery and inspections. Mr. Cordero seeks to have fully compliant parking and facilities provided.

18.     When Mr. Cordero pulled up to the disabled parking spaces, he honked at the Armored vehicle driver, who was still in the vehicle. Mr. Cordero then, in an effort to assert his rights under the Americans with Disabilities Act, motioned that he (Mr. Cordero) needed to park in one of the two disabled parking spaces that the driver was blocking.

19.     The Armored car driver laughed at Mr. Cordero, and did not move the Armored vehicle.

20.     As a result of the above, Mr. Cordero suffered frustration and upset, and had to park a good distance away from the Pet Food Express and was denied access to an accessible pathway to the public accommodation.

21.     After parking, Mr. Cordero went back to the Armored vehicle and informed the driver that he was parked in two handicap spaces and should move, but the Armored vehicle driver laughed at Mr. Cordero again, then the driver began twirling his finger in the air, intentionally demeaning and humiliating Mr. Cordero by using the commonly understood hand gesture to signify that a person is mentally unstable.

22.     As a result of the above, Mr. Cordero was deprived of full and equal access, was upset and was embarrassed.

*23.*     As Mr. Cordero took video and pictures of the Armored vehicle, the driver proceeded to point his cell phone at Mr. Cordero to take pictures of him. Mr. Cordero feared retaliation as a result of being photographed.

24.     Mr. Cordero phoned the Daly City Police dispatch asking that someone should come out and cite the vehicle.

PLAINTIFF'S COMPLAINT

25.  Mr. Cordero also went inside the Pet Food Express store and asked "Mike," the manager, if the passenger from the Dunbar armored car was in his store, and "Mike" said he was not.

26.  Mr. Cordero then went outside to see if the police had come, and then personally witnessed the Armored car passenger exit the Pet Food Express store.

27.  Mr. Cordero informed the Armored vehicle passenger what was going on and he should not move because the Police were coming out. He said they had to go and left. Just as he was leaving, a Daly City Police ticket person arrived, but, since the armored car had left, the officer could not issue a citation.

28.  On February 4, 2019, Mr. Cordero wrote and sent Pet Food Express and the Dunbar Armored, Inc. letters explaining what had happened and expressing his dissatisfaction.

29.  Mr. Cordero received no written response to either of his letters.

30.  By failing to provide accessible parking, the defendants denied Mr. Cordero full and equal access.

31.  The lack of an accessible parking space created difficulty and discomfort for Mr. Cordero.

32.  The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

33.  The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations – such as more disabled parking spaces - that could be made to provide a greater level of access if complete removal were not achievable.

34.     Mr. Cordero will return to the subject address to avail himself of goods or services once it is represented to him that the facilities are accessible. Mr. Cordero is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, Mr. Cordero will face unlawful and discriminatory barriers again.

35. Given the obvious and blatant nature of the barriers and violations alleged herein,

PLAINTIFF'S COMPLAINT

Mr. Cordero alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Mr. Cordero will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that Mr. Cordero seeks to have all barriers related to his disability remedied. See *Doran* v. *7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

(On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

36. Mr. Cordero re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior  paragraphs  of  this complaint.

37. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a.       A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(Ii).

b.       A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c.       A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with

disabilities. 42 U.S.C. § 12183(a)(2).

38.  Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208.

39.  A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.21l(a).

40.     Here, the failure to ensure that the accessible facilities were available and ready to be used by Mr. Cordero is a violation of the law.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

(On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code§ 51-53.)

41.     Mr. Cordero repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

42.     The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code,§ 5l(f).

43. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Mr. Cordero's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

44. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for Mr. Cordero, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code§ 55.56(a)-(c).)

## THIRD CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 12203

(On behalf of Plaintiff and against Defendants Dunbar Armored, Inc. Brink's Incorporated, Pet Food Express, Ltd. and DOES One through Five)

45.     Mr. Cordero repleads and incorporates by reference, as if fully set forth again

-6-

PLAINTIFF'S COMPLAINT

herein, the allegations contained in all prior paragraphs of this complaint.

46.     When Mr. Cordero sought to gain access to disabled parking, the actions of the Dunbar driver in response were clearly retaliatory: making fun of and demeaning Mr. Cordero by laughing at his request and making an insidious hand gesture at a disabled individual, then later intimidating Mr. Cordero by photographing him while he gathered relevant information to remedy the discriminatory conduct.

47.     Mr. Cordero faced further retaliation when he asked the Pet Food Express manager regarding the disabled parking access violation. The manager's false statement was an act of retaliation designed to frustrate an aggrieved individual's enforcement of their rights under the Americans with Disabilities Act.

48.     As a result of the retaliatory conduct, Mr. Cordero suffered embarrassment, frustration, and upset.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

**(underlying violations include 42 U.S.C. § 12203)**

(Cal. Civ. Code§ 51-53.)

(On behalf of Plaintiff and against Defendants Dunbar Armored, Inc., Brink's Incorporated, Pet Food Express, Ltd., and Does One through Five)

49.     Mr. Cordero repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint, with emphasis on the preceding cause of action. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

50.     The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code,§ 5l(f). Therefore, the retaliation suffered by Mr. Cordero, alleged above, is also a violation of the Unruh Act.

51.     As a result of the retaliatory conduct, Mr. Cordero suffered embarrassment, frustration, and upset.

**PRAYER FOR RELIEF**

-7-

PLAINTIFF'S COMPLAINT

Wherefore, Mr. Cordero prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: Mr. Cordero is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act for violation of the Americans with Disabilities Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Compensatory and punitive damages for the intentional, retaliatory conduct.

4. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code§§ 52;

5. Any and all other remedies deemed fit by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: January 31, 2020                    Law Office of Curtis Allen

                                           *s// Curtis Allen*
                                           _____
                                           Curtis E. Allen, Esq., Attorney for Mr. Cordero

-8-

PLAINTIFF'S COMPLAINT